## STATE v. MIRIAM RUTH CURRIE.

143 N. W. (2d) 58.

May 20, 1966—No. 39,571.

*Anderson & Bell,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *George H. Elwell,* Assistant County Attorney, for respondent.

Sheran, Justice.

Appeal from a judgment of conviction.

Miriam Ruth Currie was charged with attempted theft in violation of Minn. St. 609.52, subd. 2(1, 3), and 609.17, subd. 1.[1]

---

[1] Minn. St. 609.52, subd. 2, provides in part: "Whoever does any of the following commits theft and may be sentenced as provided in subdivision 3:

"(1) Intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property; or

\* \* \* \* \*

"(3) Obtains for himself or another the possession, custody, or title to property of a third person by intentionally deceiving him with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. 'False representation' includes without limitation:

"(a) The issuance of a check, draft, or order for the payment of money or the delivery of property knowing that he is not entitled to draw upon the drawee therefor or to order the payment or delivery thereof; or

"(b) A promise made with intent not to perform. Failure to perform is not evidence of intent not to perform unless corroborated by other substantial evidence; or

"(c) The unauthorized use of a credit card, credit plate, charge plate, or other identification device issued by an organization to a person for use in purchasing goods on credit."

Minn. St. 609.17, subd. 1, provides: "Whoever, with intent to commit a

The case was submitted to the jury under appropriate instructions and defendant was found guilty as charged. Sentenced in accordance with the law, she appeals, contending: (1) The state failed to establish a prima facie case of guilt so as to warrant submission of the case to the jury; (2) the evidence was not sufficient to support a verdict of guilty; and (3) the trial court erroneously excluded certain testimony offered by defendant.

1. Under State v. Traver, 198 Minn. 237, 269 N. W. 393, when a defendant in a criminal case introduces evidence after denial of his motion to dismiss for the failure of the state to prove a prima facie case, the issue is to be determined on appeal from a review of the whole record and not from only the evidence that preceded the defendant's motion. As a result, the first two issues are reduced to one: Whether the evidence taken as a whole was sufficient to support the verdict.

2. The evidence was sufficient to sustain the verdict. Defendant attempted to charge a man's black silk suit and cashmere overcoat having a combined retail value of $249.50 to the account of one having credit at the Dayton store in Minneapolis by claiming falsely, when she selected the merchandise, that she was his wife. If she was authorized to do so, as she claimed at trial, she would not be guilty, but the jury refused to accept her assertions in this regard and we think with justification. To begin with, her testimony that the account owner gave her possession of his credit cards with authority to charge merchandise to his account in partial payment for her services as a prostitute strains credulity. This is so even though the state in effect conceded that the services were in fact performed as she claimed and the account owner, who at first denied the claimed assignation, made himself unavailable as a witness at the time of trial. The method of operation disclosed by the testimony was so inconsistent with authorized use of credit that we feel justified in affirming the conviction. In addition to identifying herself falsely, defendant, having selected the merchandise described, did not take it with her. Instead, she arranged that the clothing would be picked up by a third person

---

crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime, and may be punished as provided in subdivision 4."

whose name and description she supplied by phone. The individual who then appeared at the Dayton store to pick up the clothing fit the description she had given and gave the name she had supplied although it was not his true name. The jury was justified in assuming that this individual, apprehended after he obtained possession of the clothing at the "will call" desk but before he left the store, was acting in concert with defendant since he was a "very good friend" of the defendant and the garments would have fit him. At about this time the defendant, who had explained that the clothing would be picked up by another because she was unable to return to the store, was apprehended while in the store and taken to the protection office to await the arrival of the police. She denied having any knowledge of the purchases and at that time made no claim of authority to charge these items to an account of another.

3. The trial court excluded from evidence, upon objection of counsel that it was hearsay and irrelevant, the testimony of defendant concerning conversations had with the owner of the account on April 3, 1964. She offered to prove by this testimony that the account owner had told the defendant that he would go "to the County Attorney and tell him the truth in the matter." Defendant argued that this testimony should have been admitted to prove consent to the purchase and that it was admissible under the rule of State v. Schifsky, 243 Minn. 533, 69 N. W. (2d) 89, to prove the effect of the statement upon the intent of the defendant. In our opinion the testimony was properly rejected, in part because it was hearsay and in part because its relevance assumes, without proof, that the "truth in the matter" would have exonerated the defendant.

Affirmed.